Accordingly, the application for a temporary injunction is denied.

## Application of LONE OAK CORPORATION.

No. 5528-FB.

Railroad & Public Utilities Commission.

February 12, 1960.

4

Ben F. Overton, Baynard, Baynard & McLeod, St. Petersburg, for the applicant.

Harry C. Schlatter, Bokeelia, for himself and a group of residents of Bokeelia, protestants.

Chairman JERRY W. CARTER, Commissioners WILBUR C. KING and EDWIN L. MASON participated in the disposition of this application.

BY THE COMMISSION.

The commission by its duly designated examiner, J. B. Norman, held a public hearing on the application on March 11, 1959 in the city hall in Fort Myers.

After the public hearing, examiner Norman filed with the office of the executive secretary of the commission his proposed order granting the application. Subsequent thereto, the commission noted an incorrect road designation had been given in the caption to the application and in the notices sent out by the commission. The commission advised the applicant of this error in road designation and the applicant moved the commission to amend the application to correct the typographical error concerning the state road number appearing in the application. Thereafter, on June 8, 1959 the commission through its executive secretary notified the board of county commissioners of Lee County of the erroneous state road designation and informed them of the correct state road designation as set forth in the amended application. Said letter amounted to a corrective notice pursuant to the provisions of section 347.14(4), Florida Statutes 1957.

After a waiting period of over four weeks the matter of the application of Lone Oak Corporation was again submitted to the commission for consideration. Upon checking with the office of

the secretary of state the commission found that applicant corporation was incorporated October 15, 1953 and dissolved April 25, 1958 by a proclamation of the governor for non-payment of capital stock tax. Applicant was informed of this situation and again the commission withheld further action on the application pending correction of this condition. Thereafter, the commission was informed by the secretary of state's office that Lone Oak Corporation was restored to do business in the state on December 2, 1959. This restoration removed the last legal deficiency in the application. Section 608.37(1), Florida Statutes 1957, provides — "Restoration shall be effective from the date of dissolution or cancelation of permit." Therefore, the commission is now able to proceed with the consideration of the application herein.

By this application Lone Oak Corporation, a Florida corporation, seeks a franchise to operate a regularly scheduled ferry service over the waters of Charlotte Harbor in Lee County between the Port of Boca Grande on Gasparilla Island and the vicinity of the village of Bokeelia on the north end of Bocilla Island at the north end of state road no. 767. Prior to filing the application, permit was obtained from the district engineer, corps of engineers of the United States Army for the construction of two ferry slips or landings, and all notices required by statute were given before the hearing on this application.

Robert S. Baynard, president, and John L. Crofts, secretary and treasurer of the applicant corporation testified with respect to the plans for operating the ferry and the need and demand for such service. The construction of the ferry slips and acquiring the land for the terminals and acquiring a large ferry will entail an investment of approximately $150,000. Lester B. Baynard of Florida Bridge Company, owner and operator of the toll bridge connecting Gasparilla Island with the mainland, also testified in support of the application, and applicant produced seven other witnesses who are property owners on Pine Island and who are interested in having the ferry service established.

There were five residents of Bokeelia or the island of Bocilla who protested the granting of the application, and their objections were based on the probable changes that might take place in the shore line by building the bulkheads and ferry slips, and on the probable result of destroying the remoteness and exclusiveness which the present residents of Bokeelia enjoy. Their objections with respect to the changes in the shore line should have been made at the time application for the permit was granted by the Army Engineer, and the personal desires of the protesting resi-

dents to keep Bokeelia remote and exclusive should not prevail against the need and demand for the proposed transportation service.

After due consideration of the testimony in support of this application, the commission finds that applicant corporation is financially able to conduct the proposed ferry service, that there is a present need and demand for such service, and that public convenience and necessity require that the franchise be granted. The southern portion of Gasparilla Island, which includes Boca Grande, is in Lee County and the ferry will provide a shorter and more direct route to Fort Myers and will also provide a circle route through Gasparilla Island by use of the toll bridge and the ferry.

It is therefore ordered and adjudged that the application of Lone Oak Corporation for a franchise to operate a regularly scheduled ferry service over the waters of Charlotte Harbor in Lee County between the port of Boca Grande on Gasparilla Island and the vicinity of the village of Bokeelia on the north end of Bocilla Island at the north end of state road no. 767 is hereby granted; that the applicant furnish to this commission bond as required by section 347.14(5), Florida Statutes 1957; and that the applicant file with this commission a schedule of tolls to be charged, operating schedules, and evidence of compliance with the commission's rules and regulations controlling and governing the grantee herein, in the use of these franchise rights.